USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __05/02/2024__

May 1, 2024

**VIA ECF AND EMAIL**
(Torres_NYSDChambers@nysd.uscourts.gov)
The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street,
New York, NY 10007

      Re:    <u>***Ziyue Guo and Stanley Su v. Xin Yao, et al.***</u>**, Case No. 23-CV-7486(AT)**

Dear Judge Torres:

      On behalf of defendants Xin Yao ("Yao"), Luyang Gao ("Gao"), and Leafire, Inc. ("Leafire") (collectively, the "Leafire Defendants"), we write to advise that yesterday, the Leafire Defendants filed a Motion to Dismiss the Second Amended Complaint (the "Motion") (dkts. 51–55), which seeks dismissal, *inter alia*, against Gao and Leafire for lack of personal jurisdiction. Because participation in this action may waive their jurisdictional defense and because they wish to conserve resources,[1] Gao and Leafire respectfully request a stay of discovery until the Motion is decided.

      **I.**    **Discovery Should Be Stayed in Light of Gao and Leafire's Jurisdictional Defenses**

      In New York, a motion to dismiss does not automatically stay discovery. *Mirra v. Jordan*, No. 15-CV-4100(AT)(KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) ("The pendency of a dispositive motion is not, in itself, an automatic ground for a stay.") (internal citation omitted). Courts, however, have significant discretion pursuant to Fed. R. Civ. P. 26(c) to stay discovery upon a showing of good cause. *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). Courts consider multiple factors to determine if good cause exists, including "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Id.* (quoting *Country Club of Fairfield, Inc. v. New Hampshire Ins. Co.*, No. 13-CV-00509(VLB), 2014 WL 3895923, at *3 (D. Conn. Aug. 8, 2014).)

---

[1] *See Corporacion Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploracion Y Produccion*, 832 F.3d 92, 102 (2d Cir. 2016) ("To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking.") (internal citation and quotation marks omitted).



New York Financial District Headquarters
88 Pine Street, 18th Fl, New York, NY 10005
+1 347.897.6199

On April 25, 2024, Plaintiffs served Gao and Leafire with: (1) Plaintiffs' First Set of Document Requests, annexed hereto as **Ex. A**; (2) Plaintiffs' Interrogatories to Luyang Gao, annexed hereto as **Ex. B**; and (3) Plaintiffs' Interrogatories to Leafire, Inc, annexed hereto as **Ex. C**. Here, good cause exists to stay these broad discovery demands against Gao and Leafire.

A. <u>The Motion Contains Strong Arguments Favoring Dismissal on Jurisdiction Grounds</u>

The Motion contains strong arguments favoring dismissal against Gao and Leafire for lack of personal jurisdiction. In the Second Amended Complaint, Plaintiffs make a series of false allegations for purposes of manufacturing jurisdiction over Gao and Leafire. These allegations are utterly refuted by documentary evidence.

Plaintiffs falsely allege that during the relevant period, Gao attended Columbia University, lived at 21 West End Avenue, and deposited funds belonging to Plaintiffs into her Bank of America account at the branch located at 1293 Broadway. (Second Amend. Compl. (dkt. 41) ¶¶ 10, 11, 31, 32, 39, 42, 44, 46.) To refute these allegations, Gao submitted her academic transcripts showing she attended Emory University in Atlanta, Georgia from Fall 2014 through Spring of 2017 for undergraduate studies and John Hopkins University in Washington, D.C. from Fall of 2017 through the Summer of 2018 for graduate studies. (Dkts. 53-1, 53-3.) Gao also submitted a copy of her apartment lease in Washington, D.C. and asserted, under oath, that after graduating from John Hopkins University, she moved to California with her husband Yao. (Dkt. 53-2; dkt. 53 ¶¶ 2, 3.) Gao also denied she had a Bank of America account in New York and annexed documents showing that the first time she opened an account was when she was domiciled in California in May 2019. (Dkt. 53 ¶¶ 10–12; dkt. 53-4.)

Further, Gao stated that she never lived in New York, she never rented or owned property in New York, she never had a mailbox or agent for service of process in New York, she never had any bank accounts in New York, and she does not engage or solicit business in New York. (Dkt. 53 ¶ 11.) More importantly, Gao attested that she lacks knowledge as to why she is a named defendant in this action given that she never met with, or spoke to, either plaintiff Ziyue Guo ("Guo") or plaintiff Stanley Su ("Su," together with Guo, the "Plaintiffs"). (Dkt. 53 ¶ 1.)

Plaintiffs also allege that Yao and Gao operated Leafire when they were both living in New York and that Leafire, too, deposited funds belonging to Plaintiffs in its bank account. (Second Amend. Compl. (dkt. 41) ¶¶ 41, 42.) These allegations are false because Yao and Gao lived in California when Leafire was incorporated and Leafire has no bank accounts as a cash-only business. (Dkt. 52 ¶ 7; dkts. 52-1, 52-2; dkt. 53 ¶¶ 2, 3). In any event, Plaintiffs have not alleged a basis to confer jurisdiction over Leafire, an entity incorporated only in Delaware and California with a sole principal place of business in California (Dkt. 52 ¶¶ 3, 4). Leafire has no connection to New York; it never had offices, employees, or agents for service of process in New York, it never rented or owned property in New York, and it never solicited or earned income from New York. (Dkt. 52 ¶ 5.) Leafire also had no dealings with Plaintiffs, having been incorporated two years after Plaintiffs provided funds towards the "fake" investment opportunities. (Dkt. 52 ¶ 6.)



New York Financial District Headquarters
88 Pine Street, 18th Fl, New York, NY 10005
+1 347.897.6199

### B. The Breadth of Discovery is Expansive and Overly Broad

The breadth of discovery sought against Gao and Leafire is overly broad and objectionable. Plaintiffs' interrogatory demands seek information beyond the scope permitted under Local Civil Rule 33.3. (*See, e.g.,* Exs. B, C at No. 18 ("Identify the method used by any defendant to record or account for the funds received from Plaintiff Guo or Plaintiff Su, including without limitation any documentation or bookkeeping systems utilized.")  Further, Plaintiffs' document demands spans over 40 separate requests, some of which seek information that have no relevance to this lawsuit, such as "tax returns" and "financial statements" for the corporate defendants and "[d]ocuments sufficient to show each defendant's net worth." (Ex. A at No. 36.)

### C. A Stay Should Be Granted in Light of Gao and Leafire's Burden in Responding to Discovery and Plaintiffs Would Not Be Prejudiced

There is no prejudice to Plaintiffs if the stay is granted because they can continue to obtain discovery from Yao and defendants Keyu Sun and Starfields Capital Management. Gao and Leafire, on the other hand, would be prejudiced if a stay is not granted; they have no contacts to New York (dkt. 53 ¶ 11;), they are virtual strangers to Plaintiffs (dkt. 52 ¶ 6; dkt. 53 ¶ 1), they have no documents to produce, and they should not incur the costs of having their counsel lodge objections to Plaintiffs' overly broad discovery demands (*see* Exs. A, B, C), particularly when they should not have been brought into this action in the first instance.

\*\*\*

For the reasons set forth herein, good cause exists to stay discovery against Gao and Leafire until the disposition of the pending Motion pursuant to Fed. R. Civ. P. 26(c). *See Jakob v. JPMorgan Chase Bank,* 22-CV-03921(HG), 2023 WL 2386395, at \*2 (E.D.N.Y. Mar. 7, 2023) (limiting discovery on defendant who filed motion to dismiss based on lack of personal jurisdiction but permitting third party discovery).

Respectfully submitted,

*Melissa Yang*
Melissa Yang

---

GRANTED IN PART. By **May 9, 2024**, Plaintiff shall respond to this letter motion to stay discovery. Discovery is stayed as to Gao and Leafire until **May 21, 2024**.

SO ORDERED.

Dated: May 2, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge