```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/22/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ZIYUE GUO and STANLEY SU            :
                                    :   23-CV-7486 (AT) (RWL)
                  Plaintiffs,       :
                                    :
         - against -                :   **ORDER**
                                    :
XIN YAO, LUYANG GAO, KEYU SUN,      :
STARFIELDS CAPITAL MANAGEMENT LLC,  :
and LEAFIRE INC.                    :
                                    :
                  Defendants.       :
                                    :
-----------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves the letter motion of Defendants Gao and Leafire (the "Leafire Defendants") at Dkt. 56 – which seeks a stay of discovery as to them pending determination of the Leafire Defendants' motion to dismiss – and Dkt. 60 – which, on behalf of Defendant Yao, requests an order compelling Plaintiffs to respond to discovery, or, alternatively, a stay of discovery against all parties pending determination of the Leafire Defendants' motion to dismiss. These non-dispositive motions have been referred to me for resolution. (Dkt. 62.) The motion for a stay is DENIED; the motion to compel is GRANTED.

As the parties acknowledge, a motion to dismiss does not stay discovery, although a district court may grant such a stay for good cause. Fed. R. Civ. P. 26(c). The Court has "considerable discretion" in deciding whether to stay discovery upon a showing of good cause. *Hong Leong Financial Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Factors considered include (1) the relative strength of the pending motion; (2) the breadth of discovery sought; (3) the burden of responding to it;

1

and (4) the extent, if any, of unfair prejudice to the party opposing the stay. *Republic of Turkey v. Christie's Inc.*, 316 F. Supp.3d 675, 677 (S.D.N.Y. 2018). As the party seeking the stay, the Leafire Defendants bear the burden of demonstrating good cause. *Id*. (citing *Brown v. Astoria Federal Savings & Loan Association*, 444 F. App'x 504, 505 (2d Cir. 2011)). To meet that burden, the Leafire Defendants must demonstrate "particular and specific" facts, "as distinguished from stereotyped and conclusory statements." *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006).

The Leafire Defendants have not met their burden to demonstrate good cause for a stay. While their motion to dismiss may have merit (see Dkt. 55), Plaintiffs appear to have raised potentially meritorious arguments in response (see Dkt. 61). The Court cannot conclude that the Leafire Defendants' motion is either strong or weak. As for breadth of discovery sought, the discovery includes interrogatories that are under the numerical limit imposed by Local Rules and seek identification of various persons as well as "all documents" concerning particular matters. (See Dkt. 57-2, 57-3.) To some extent, the subject matter of the interrogatories exceed what the local rules permit at this stage of proceedings, but those particular interrogatories may be objected to. There also are 44 document requests directed collectively to all defendants. The document requests for the most part are tailored to the subject matter of the case, which revolves around a handful of investment transactions. (See Dkt. 57-1.) Some requests may be objectionable as overbroad or for some other basis, but, as with the interrogatories, Defendants may lodge well-founded objections. Overall, and taking into account the likelihood that none of the parties are large entities with substantial resources, the Court does not find the task of responding to the discovery sought overly burdensome.

Fourth, the case has been pending since August 2023, and the motion to dismiss is not yet fully briefed. Several months could pass before it is decided. Moreover, it would be inefficient and more costly to Plaintiffs if the litigation were pursued in piecemeal fashion, with discovery going forward against some defendants but not others; were the motion to dismiss to be denied even in part, the parties could be faced with either substantially different case schedules for different defendants for the remainder of the case, or having to effectively delay the case with respect to all parties.

There are additional relevant factors. First, the Leafire Defendants filed their pre-motion conference letter previewing their motion to dismiss on March 18, 2024. (Dkt. 46.) That same day the parties jointly submitted a proposed case management plan and scheduling order. (Dkt. 47.) Yet, the Leafire Defendants made no mention of a request for a stay in either their pre-motion conference letter or the jointly proposed case management plan. To the contrary, the jointly proposed case management plan, and the plan ultimately entered by the Court (Dkt. 48), state in bold (as per Judge Torres' form): "The Court will not stay discovery pending its decision on any motion." (Dkt. 47 at ¶ 5, Dkt. 48 at ¶ 5.) The Leafire Defendants presumably were not aware at that time of the specific discovery demands Plaintiffs would later serve on April 24, 2024. Still, they could well have anticipated much if not all of the discovery that would be sought. Second, the Leafire Defendants' motion is predicated in part on alleged lack of personal jurisdiction as to Defendants Gao and Leafire; at least some discovery from the parties is likely to be relevant to that issue and will need to proceed in any event.

Accordingly, the Court finds that the Leafire Defendants have not demonstrated good cause for a stay. As for Defendant Yao's motion to compel, Plaintiffs assert that Defendants did not fulfill their obligation to first meet and confer; the parties' email

3

exchange reflects an effort to do so and a dispute as to whether a follow-up phone message was left. (*See* Dkt. 60-3.) The Court does not find sufficient basis to deny the motion on the basis of failure to meet and confer. As the Court is denying the Leafire Defendants' motion for a stay, there is no basis for Plaintiffs to hold off on discovery. The parties thus shall proceed with responding to each other's discovery requests. The Leafire Defendants participation in Court-ordered discovery shall not be construed as waiver of their personal jurisdiction challenge.

The Clerk of Court is respectfully directed to terminate the motions at Dkt. 56 and 60.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: May 22, 2024
          New York, New York

Copies transmitted this date to all counsel of record.